IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANNY HAROLD ROLLING,

    Petitioner,

v.                                    Case No.  1:02-cv-98/MCR

JAMES V. CROSBY, JR., Secretary,
Florida Department of Corrections, and
CHARLIE CRIST, Attorney General of Florida,

    Respondents.
_____/

**ORDER ON APPLICATION FOR CERTIFICATE OF APPEALABILITY**

    This cause is before the Court on petitioner's application for a certificate of appealability (doc. 19).  Unless a certificate of appealability is issued, the petitioner may not take an appeal from the final order denying § 2254 relief.  See 28 U.S.C.§ 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2).  See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

    After review of the file and consideration of respondents' suggestions in opposition to petitioner's application for a certificate of appealability (doc. 22), the Court concludes that the following issues are debatable among jurists of reason: (1) whether petitioner was denied a fair trial by impartial jurors when the trial court denied his motion for a change of venue; (2) whether petitioner was denied effective assistance of counsel with regard to the venue claim; and (3) whether petitioner was denied his Fifth Amendment right to be free from self-incrimination and his Sixth

Amendment right to counsel when the trial court denied his motion to suppress certain statements which he made to law enforcement officers and to fellow inmates. This Court finds that these issues are adequate to deserve encouragement to proceed further, and that the appeal of these issues is taken in good faith.

Accordingly, it is **ORDERED**:

Petitioner's application for a certificate of appealability (doc. 19), is **GRANTED**. Petitioner may appeal and a certificate of appealability is issued for appeal on the issues of (1) whether petitioner was denied a fair trial by impartial jurors when the trial court denied his motion for a change of venue; (2) whether petitioner was denied effective assistance of counsel with regard to the venue claim; and (3) whether petitioner was denied his Fifth Amendment right to be free from self-incrimination and his Sixth Amendment right to counsel when the trial court denied his motion to suppress certain statements which he made to law enforcement officers and to fellow inmates.

**DONE AND ORDERED** this 8th day of August, 2005.

    s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**United States District Judge**

Case No.: 1:02cv98/MCR